*E-filed on* __11/6/06__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THERESA B. BRADLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>YAHOO, INC.,<br><br>　　　　Defendant. | No. C-06-04662 RMW<br><br>ORDER DENYING MOTION TO DISQUALIFY<br><br>**[Re Docket Nos. 18]** |

Plaintiff Theresa Bradley moves to disqualify the undersigned under 28 U.S.C. § 455(a) and "renews" her application to proceed without payment of the filing fee. For the reasons given below, the court denies the motion *in toto*.

**I. BACKGROUND**

Bradley filed a suit against defendant Yahoo, Inc., alleging that Yahoo had prevented her from accessing her Yahoo accounts. In her complaint, Bradley alleges fraud, breach of fiduciary duty, professional negligence, and "intentional interference with advantageous business relationship."

Bradley also filed an application for leave to proceed without paying the filing fee. Dkt. # 2. The court denied Bradley's application, dkt. # 14, and Bradley moved for reconsideration of that denial, dkt. # 10. The court denied Bradley's motion for reconsideration, and, as noted in the

ORDER DENYING MOTION TO DISQUALIFY—No. C-06-04662 RMW
JAH

1  court's October 31, 2006 order, had in two prior orders instructed Bradley to pay the filing fee
2  under two slightly different schedules.  Dkt. # 16.  The court later clarified that Bradley should
3  follow the order giving her the greater period of time to pay the filing fee.  *Id*.  Bradley therefore
4  had until November 3, 2006 to pay $275 of the fee, and until December 1, 2006 to pay the
5  balance.

6  Yahoo moved to dismiss Bradley's complaint for failure to state a claim upon which relief
7  could be granted, and scheduled the motion for hearing at 9 a.m. on November 3, 2006.  Dkt. # 7.
8  Bradley had previously requested leave of court to appear via telephone.  Dkt. # 5.

9  On the morning of November 3, 2006, Bradley faxed to the court a document entitled
10  "REQUEST FOR CANCELLATION OF HEARINGS WITH NOTIFICATION OF PRIOR
11  FILING OF MOTION FOR RECUAAL [sic] AND DISQUALIFICATION OF JUDGE WITH
12  MEMORANDUM OF LAW IN SUPPORT."  According to this fax, Bradley stated that she had
13  filed a motion to disqualify the undersigned "approximately 10 days prior," but no such filing had
14  yet been received by the court.  When the hearing for Yahoo's motion to dismiss came on, the
15  court telephoned Bradley at the number she had provided, but no one answered.

16  On October 29, 2006, Bradley had apparently e-mailed a copy of the motion to disqualify
17  to counsel for Yahoo.  The attorney for Yahoo had brought a copy of the motion to the hearing and
18  provided it to the court.  Based on both the absence of any properly-filed motion as well as the
19  lack of merit of the motion to disqualify evident from the copy Yahoo's attorney provided, the
20  court proceeded with the hearing on Yahoo's motion to dismiss, which will be addressed in a
21  separate order.  The court received Bradley's motion to disqualify later in the day; it was identical
22  in substance to the copy provided by Yahoo and, according to the signature page, was signed on
23  October 30, 2006.[1]

## II. ANALYSIS

25  In her motion to disqualify, Bradley asserts that while the undersigned denied her motion
26  to proceed without paying the filing fee, Judge William Alsup, who is presiding over *Bradley v.*

---

[1] The court notes this is at odds with the assertion in the fax that Bradley filed the motion about ten days prior to November 3, 2006.

ORDER DENYING MOTION TO DISQUALIFY—No. C-06-04662 RMW
JAH                                    2

1  *Google, Inc.*, No. C-06-05289, granted her leave to proceed without payment of the filing fee.
2  Bradley, however, is mistaken.  Judge Alsup had not ruled on Bradley's application to proceed
3  without payment of the filing fee at the time she made her motion to disqualify; that application
4  was instead denied on November 6, 2006.

5      To the extent Bradley's motion is based merely upon the denial of her application to
6  proceed without payment of the filing fee, adverse rulings are not an adequate basis for recusal.
7  *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999).  Therefore, Bradley's motion to
8  disqualify fails on its face and is denied.

9      The court has considered and reconsidered Bradley's application to proceed without
10 payment of the filing fee.  Her renewed application to proceed without payment of the filing fee is
11 denied.  Bradley has not paid the filing fee by the deadline set in the October 31, 2006 order.
12 Given that the court has, however, already held a hearing on the merits of Yahoo's motion to
13 dismiss, the court will allow Bradley a further extension of the time in which to pay the initial
14 portion of the filing fee.  Bradley shall pay the first $275 of the filing fee by November 17, 2006
15 and the balance by December 1, 2006 or face dismissal of this action.

### III.  ORDER

17     For the foregoing reasons, the court denies
18     1.    Bradley's motion to disqualify; and
19     2.    Bradley's renewed application to proceed without payment of the filing fee but
20         extends the payment deadline for the first $275 to November 17, 2006.

23 DATED:    11/6/06

Ronald M Whyte
RONALD M. WHYTE
United States District Judge

**A copy of this order was mailed on _____ to:**

**Plaintiff (*pro se*):**

Theresa B. Bradley
4500 Connecticut Avenue NW
Suite 209
Washington, DC 20008

**Counsel for Defendant:**

Kirsten Joy Daru; Michele D. Floyd
Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.