*E-filed on* 11/6/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THERESA B. BRADLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>YAHOO, INC.,<br><br>    Defendant. | No. C-06-04662 RMW<br><br>ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND & RESETTING CASE MANAGEMENT CONFERENCE<br><br>**[Re Docket Nos. 7, 12, 15]** |

Defendant Yahoo, Inc. moves to dismiss the complaint of plaintiff Theresa Bradley. Yahoo moves in the alternative for a more definite statement and to strike Bradley's request for punitive damages. For the reasons set forth below, the court grants the motion to dismiss with leave to amend and resets the initial case management conference for January 5, 2007 at 10:30 a.m.

**I. BACKGROUND**

The following facts are taken from the complaint and are assumed to be true, as they must be on a motion to dismiss under Rule 12(b)(6). Bradley opened an e-mail account with Yahoo in 2002 and a web-hosting account in 2006. Bradley and her associates spent over a thousand hours

1  preparing the content for her website, which Yahoo was to host at www.bravacorp.com.[1]
2  Apparently needing a higher level of service, in July 2006 Bradley authorized Yahoo to upgrade
3  her web hosting account from "Yahoo GEO Cities" to "Yahoo Merchant Solutions" and charge her
4  credit card accordingly.  As Yahoo informed Bradley that her website would be "good to go," she
5  paid for "a direct mail marketing campaign . . . and an e-mail marketing campaign" to advertise
6  her website.

7  On July 21, 2006, Bradley attempted to access www.bravacorp.com, only to find the site
8  was inaccessible, as were all of her Yahoo accounts.  Three days later, Yahoo informed Bradley
9  that her accounts had been terminated for unspecified violations of Yahoo policy.  Bradley,
10  however, states that "[n]othing was offensive, illegal, or violated any Yahoo policy, laws, and
11  rules of [sic?] regulations of any kind, at any time."  Yahoo was thereafter unhelpful when Bradley
12  attempted to restore her Yahoo accounts, retrieve the content she had designed for
13  www.bravacorp.com, or have www.bravacorp.com hosted by another service provider.

14  In her complaint, Bradley alleges causes of action for fraud, breach of fiduciary duty,
15  professional negligence, and "intentional interference with advantageous business relationship."

## II. ANALYSIS

### A. Late-Filed Opposition

18  Yahoo calendared its motion to dismiss for November 3, 2006.  This made Bradley's
19  opposition or statement of nonopposition due October 13, 2006.[2]  *See* Civil L.R. 7-3(a), (b).
20  Bradley, however, filed her opposition on October 20, 2006.[3]  Yahoo also states that Bradley did
21  not serve it with a copy of her opposition, and that Yahoo only obtained a copy of her opposition
22  from the court files on the first day it was available, October 27, 2006.

---

[1] In its motion to dismiss, Yahoo erroneously refers to Bradley's site as www.brava.com, which is something completely different.

[2] Yahoo incorrectly states that Bradley's opposition was due on October 12, 2006.  *See* Reply at 1.

[3] Bradley states on the last page of her opposition that she signed and e-mailed it to Yahoo's "Legal Director" on October 9, 2006.  Opp'n at 8.

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND & RESETTING CASE MANAGEMENT CONFERENCE—No. C-06-04662 RMW
JAH                                             2

1    Yahoo nonetheless filed a cogent reply on October 27, 2006.  The court notes Yahoo is
2 represented by attorneys at a large law firm.  Yahoo does not appear to have been severely
3 prejudiced by Bradley filing her opposition a week late, and the court will therefore consider her
4 opposition (partly because it is short and contains little applicable legal analysis).  The court will
5 also not grant Yahoo's request to dismiss her action for failure to file her opposition in a timely
6 manner.  However, such leniency will not necessarily be forthcoming in the future; all litigants,
7 whether proceeding *pro se* or with counsel, are obligated to adhere to all applicable rules.  *See*
8 Civil L.R. 3-9.

**B.  Consideration of Yahoo's Terms of Service**

The Ninth Circuit has explained that when ruling on a motion to dismiss under Rule 12(b)(6),

> [r]eview is limited to the contents of the complaint.  *See Enesco Corp. v. Price/Costco, Inc.*, 146 F.3d 1083, 1085 (9th Cir. 1998).  All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  *See id.*  The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.  *See Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).  Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.  *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended*, 275 F.3d 1187 (9th Cir. 2001).  Yahoo points out—correctly—that the court may consider materials attached to the complaint as exhibits, *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and that dismissal may be appropriate if such materials contradict the allegations of the complaint.  *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998).  Similarly, "a district judge may generally consider a document outside the complaint when deciding a motion to dismiss if the complaint specifically refers to the document and if its authenticity is not questioned." *Inlandboatmens Union of Pac. v. Dutra Group*, 279 F.3d 1075, 1083 (9th Cir. 2002).  "Where a plaintiff fails to attach to the complaint documents referred to in it, and upon which the complaint is premised, a defendant may attach to the motion to dismiss such

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND & RESETTING CASE MANAGEMENT CONFERENCE—No. C-06-04662 RMW
JAH                                                                 3

1 documents in order to show that they do not support plaintiff's claim." *Wietschner v. Monterey*
2 *Pasta Co.*, 294 F. Supp. 2d 1102, 1110 (N.D. Cal. 2003).

3     Throughout her complaint, Bradley refers to unspecified Yahoo policies. For example, she
4 states that she "NEVER violated any of Yahoo, Inc. Policy" (sic), Compl. ¶ 37, "did not violate any
5 of Yahoo, Inc.'s policies," *id*. ¶ 45, and that Yahoo refused to tell her "what or which Yahoo policy
6 she may have violated," *id*. ¶ 56. Yahoo submits two of its policies, its general terms of service
7 and terms of service for Yahoo GeoCities. Floyd Decl., Exs. A, B. Yahoo states that Bradley
8 referred to its general terms of service in her complaint, Floyd Decl. ¶ 2, though Bradley never
9 specifically identifies in her complaint which Yahoo policies she refers to. Yahoo has not shown
10 that the court may properly consider Yahoo's general terms of service or the terms of service for
11 Yahoo GeoCities on this motion to dismiss, and therefore the court shall not consider either
12 document.

13 **C. Fraud**

14     Allegations of fraud must be pled "with particularity." Fed.R.Civ.P. 9(b). "Fraud can be
15 averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if
16 the word 'fraud' is not used). Under California law, the indispensable elements of a fraud claim
17 include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and
18 damages." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (some quotation
19 marks omitted). While Bradley has averred that Yahoo made misrepresentations, the allegations
20 of her complaint are not made with the particularity required by Rule 9(b). Yahoo's motion to
21 dismiss this cause of action is granted.

22 **D. Breach of Fiduciary Duty**

23     "The elements of a claim for breach of fiduciary duty are (1) the existence of a fiduciary
24 relationship, (2) its breach, and (3) damage proximately caused by that breach." *Mendoza v. Rast*
25 *Produce Co.*, 140 Cal. App. 4th 1395, 1405 (2006). However, there is generally "no fiduciary
26 owed duty in a purely commercial situation." *McCann v. Lucky Money, Inc*., 129 Cal. App. 4th
27 1382, 1398 (2005). Bradley has not pled the existence of any fiduciary duty; she only mentions
28 the ordinary commercial relationship for web hosting services between herself and Yahoo. As

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND & RESETTING CASE MANAGEMENT
CONFERENCE—No. C-06-04662 RMW
JAH                                              4

**United States District Court**
For the Northern District of California

1 pled, Bradley's claim is one upon which relief cannot be granted, and Yahoo's motion to dismiss it
2 is granted.

### E.  Professional Negligence

Yahoo moves to dismiss Bradley's professional negligence cause of action, arguing that "because Yahoo! is not a 'professional' as that term is interpreted in the context of professional negligence," it cannot be liable for professional negligence. Mot. at 11. The California Supreme Court, however, has explained that professional negligence and ordinary negligence are not conceptually different claims. *Flowers v. Torrance Mem'l Hosp. Med. Ctr.*, 8 Cal. 4th 992, 996-97 (1994). "With respect to professionals, their specialized education and training do not serve to impose an increased duty of care but rather are considered additional 'circumstances' relevant to an overall assessment of what constitutes 'ordinary prudence' in a particular situation." *Id*. at 997-98. "Any distinction between 'ordinary' and 'professional' negligence has relevance primarily when the Legislature has statutorily modified, restricted, or otherwise conditioned some aspect of an action for malpractice not directly related to the elements of negligence itself." *Id.* at 998. As Bradley has not pointed to any statutory provision making important any distinction between ordinary and professional negligence, such as California Code of Civil Procedure § 364(f)(2), her cause of action, though denominated as "professional" negligence, is treated merely as one for ordinary negligence as a matter of California law.

Under the economic loss rule, damages for torts cannot be recovered for harms resulting from the breach of a contract. *Aas v. Superior Court*, 24 Cal. 4th 627, 643 (2000). Yahoo argues that the economic loss rule prevents Bradley from recovering on any species of negligence claim. Although the contracts on which Yahoo claims Bradley bases her claims—the pair of terms of service contracts—are not properly before the court on Yahoo's motion to dismiss,[4] it appears that plaintiff's complaint is for a breach of a contractual provision as opposed to the breach of some duty of care created by a contract. Plaintiff is given leave to amend to state a cause of action for

---

[4] Yahoo's request to strike the language in Bradley's complaint regarding punitive damages—on the ground that punitive damages cannot be recovered for breaching a contract—is well-taken but moot since the complaint is being dismissed.

negligence. However, to plead a cause of action for negligence, plaintiff must set forth the duty of care owed and how defendant breached that duty by negligent conduct. If plaintiff intends to sue for breach of contract, she needs to identify the contract and the provision breached and the damage resulting from the breach.

**F. Intentional Interference with Advantageous Business Relationship**

As Yahoo points out, it is not clear what theory Bradley seeks to proceed on in her cause of action denominated as "intentional interference with advantageous business relationship." The two likely candidates are the similar torts of interference with contractual relations and interference with prospective economic advantage. To recover under either, however, Yahoo must have interfered with Bradley's contract or business relationship with some party other than Yahoo. *See Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 515 (1994); *Pacific Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 n.2 (1990). Bradley has alleged no business relationship or contract with anyone other than Yahoo. Yahoo's motion to dismiss Bradley's cause of action for "intentional interference with advantageous business relationship" is therefore granted.

**G. Leave to Amend Complaint**

Federal Rule of Civil Procedure 15(a) generally requires leave of court to amend a complaint, though leave is to "be freely given when justice so requires," Fed.R.Civ.P. 15(a), and it is generally not appropriate to deny leave "unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). It is clear that Bradley cannot state a claim for breach of fiduciary duty. However, Bradley may be able to assert one or more tort claims and a breach of contract claim. The court will therefore allow her twenty days' leave to file an amended complaint, should she wish to file one.

### III.  ORDER

For the foregoing reasons, the court grants Yahoo's motion to dismiss Bradley's complaint with twenty days' leave to amend except as to a claim for breach of fiduciary duty.  The court resets the initial case management conference for January 5, 2007 at 10:30 a.m.

DATED:    11/6/06

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

1 **A copy of this order was mailed on** _____ **to:**

2 **Plaintiff (*pro se*):**

3 Theresa B. Bradley
4500 Connecticut Avenue NW
4 Suite 209
Washington, DC 20008
5
**Counsel for Defendant:**
6
Kirsten Joy Daru; Michele D. Floyd
7 Reed Smith LLP
Two Embarcadero Center
8 Suite 2000
San Francisco, CA 94111
9

10 Counsel are responsible for distributing copies of this order to co-counsel, as necessary.